DECISION
A case management conference was held November 26, 2008. Kimberly Miller (Miller) participated for her husband, Kenneth. Laurie Fery represented Defendant. At the conclusion of the proceeding, the parties asked that a decision be reached based on the information before the court.
 I. STATEMENT OF FACTS
There is no dispute as to material facts. Plaintiff sent checks to Defendant in payment of certain taxes on January 29, 2008 and April 28, 2008. Both were dishonored by Washington Mutual Bank for non-sufficent funds. After the second instance, Defendant imposed a penalty of $500.
Plaintiff appeals and asks that the court use its discretion to reduce the penalty, which he contends is an "unreasonable amount."[1]
 II. ANALYSIS
ORS 305.228(1)[2] commands that a penalty shall be imposed upon a taxpayer who has previously submitted a dishonored check. The amount shall be the greater of $25 or three times *Page 2 
the amount of the dishonored check, but not more than $500. ORS305.228(2). Thus, the penalty was correctly imposed.
There are certain limited exceptions for Defendant to waive the penalty if there were a "reasonable basis" for tendering the check. ORS305.228(4). Such reasonable basis is not present in this case.
 III. CONCLUSION
Under the circumstances, the court has no inherent power to reduce the mandatory penalty correctly imposed by Defendant. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this _____ day of December 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December11, 2008. The Court filed and entered this document on December 11.2008.
[1] Miller requested a reduction to "$100 or less" during the conference.
[2] All references to the Oregon Revised Statutes (ORS) refer to 2007. *Page 1